**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| DUNHUA CITY JISEN WOOD INDUSTRY CO., LTD. ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | Court No. 21-0599 |

**COMPLAINT**

On behalf of Dunhua City Jisen Wood Industry Co., Ltd. and Dalian Shumaike Floor Manufacturing Co., Ltd., Chinese exporters of multilayered wood flooring, we hereby bring this civil action and allege the following:

**Parties**

1. Plaintiffs are Chinese exporters of multilayered wood flooring during the period of review, January 1, 2018 through December 31, 2018, that timely filed pleadings before the administering authority.

2. Defendant is the United States of America acting by and through the U.S. Department of Commerce (the "Department").

**Jurisdiction**

3. This action is brought pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(I) and (2)(B)(iii) to contest the Department's final results of the administrative review under 19 U.S.C. §1675. *See Multilayered Wood Flooring From the People's Republic of China: Final Results and Partial Rescission of Countervailing Duty Administrative Review; 2018*, 86 Fed. Reg. 59,362

(October 27, 2021) ("Final Results"), *incorporating* Issues and Decision Memorandum ("Final IDM"). Accordingly, this Court possesses jurisdiction over this action pursuant to 28 U.S.C. § 1581(c).

**Standing**

4. Plaintiffs are foreign producers and exporters of subject merchandise. Plaintiffs participated in the countervailing administrative review resulting in the contested Final Results. Accordingly, Each is an interested party within the meaning of 19 U.S.C. §§ 1516a(f)(3) and 1677(9)(A).

5. In addition, because the Department's Final Results overstated Plaintiffs' countervailing duty margin, Plaintiffs have been adversely affected and aggrieved by agency action within the meaning of 5 U.S.C. § 702. Therefore, Plaintiffs have standing to bring this action under 28 U.S.C. § 2631(c).

**Timeliness**

6. Notice of the Final Results was published in the Federal Register on October 27, 2021. Plaintiffs filed the summons instituting this action on November 26, 2021, *i.e.*, within 30 days of publication of the Final Results, serving notice of the action upon all other participants in the review on the same date. Accordingly, Plaintiffs are timely filing this complaint and have commenced this action within the time limits specified in 19 U.S.C. § 1516a(a)(2)(A), 28 U.S.C. § 2636(c), and Rule 3 of the Rules of this Court.

**Facts**

7. On February 6, 2020, the Department initiated the eighth administrative review of the countervailing duty order on Multilayered Wood Flooring, from China. *Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 85 Fed. Reg. 6,896 (February 6,

2020).

8.  The Department selected Jiangsu Senmao Bamboo and Wood Industry Co., Ltd. (Jiangsu Senmao) and Riverside Plywood Corp. (Riverside Plywood) collectively ("Respondents"), the two companies accounting for the largest volume of entries in the CBP entry data, as mandatory respondents. *See* Dep't of Commerce, Memorandum re: *Respondent Selection* (April 22, 2020).

9.  Jiangsu Senmao and Riverside Plywood timely responded to all questionnaire responses, including confirming that none of their customers benefitted from the Export Buyer's Credit ("EBC") program and providing certifications from their customers certifying non-use. *See* Senmao Section III Questionnaire Response (July 6, 2020) at Exhibit 8; Riverside Plywood Section III Questionnaire Response (July 13, 2020) at Exhibit 11c.

10. The Government of China also timely responded to all questionnaire responses, including the portions related to electricity pricing, the EBC program, and alleged paint and glue at less than fair value ("LTAR") programs. GOC Section II Questionnaire Response (July 16, 2020).

11. In the Preliminary Results, the Department found that the GOC failed to comply with various requests for information and, therefore, relied on AFA for certain aspects of its findings that Respondents benefitted from the EBC progam, electricity at LTAR, and glue and paint at LTAR.

12. Parties timely filed case briefs on several issues, including arguing that the Department cannot use AFA to find that Respondents used the EBC program merely because the Government of China failed to provide a copy of the alleged China Ex-Im Bank's internal guidelines from 2013 or supply a list of the alleged partner banks/third-party institutions, which

the Court of International Trade has ruled in numerous cases is not "necessary information."

13. Parties likewise also argued that the Department cannot use AFA to find that the electricity program or paint and glue LTAR programs are specific. For electricity, the GOC fully provided information that the NDRC has delegated its pricesetting authority to the local provinces. For paint and glue, the GOC consistently explained that there is no government provision of glue and paint, and there is nothing on the record contradicting the GOC's claims that there were no programs in place for the provision of these inputs.

14. Nonetheless, in the Final Results the Department continued to apply AFA for the EBC program, electricity, and glue and paint.

15. The Department then calculated an "all others" rate for non-mandatory exporters involved in the review, including above-captioned Plaintiffs.

16. This appeal ensued.

**COUNT I**

17. Plaintiffs hereby incorporate, by reference, paragraphs 1 through 16 above.

18. The Department's application of AFA with respect to Respondents' use of the EBC program is unsupported by substantial evidence and is not in accordance with the law. 19 U.S.C. § 1516a(b)(1)(B)(i) (the court "shall hold unlawful any determination, finding, or conclusion found . . . to be unsupported by substantial evidence on the record, or otherwise not in accordance with law . . ..").

19. Respondents demonstrated that they did not use the EBC program, nor did its U.S. customers. The record does not contain any evidence to the contrary. As such, the Department's conclusion that Respondents used the EBCP is unsupported by substantial evidence. Furthermore, the Department's determination is not in accordance with the law because the

Court of International Trade has found in more than thirteen cases that the Department cannot apply AFA to this program when all parties involved, namely – the Government of China, the Chinese exporter, and the U.S. customer(s) – all attested to non-use of the program and when there is no necessary information missing from the record.  *See Yama Ribbons & Bows Co. v. United* States, 2019 Ct. Intl. Trade LEXIS 174; Slip Op. 19-173 (Dec. 30, 2019); *Changzhou Trina Solar Energy Co. v. United States*, 2019 Ct. Intl. Trade LEXIS 138, Slip Op. 19-143 (Nov. 18, 2019) ("*Changzhou V*"); *Changzhou Trina Solar Energy Co. v. United States*, 2019 Ct. Intl. Trade LEXIS 138, Slip Op. 19-137 (Nov. 8, 2019) ("*Changzhou IV*"); *Changzhou Trina Solar Energy Co. v. United States*, 2018 Ct. Intl. Trade LEXIS 179, Slip Op. 18-167 (Nov. 30, 2018) ("*Changzhou III*"); *Changzhou Trina Solar Energy Co. v. United States*, 352 F. Supp. 3d 1316, Slip Op. 2018-166 (C.I.T. 2018) ("*Changzhou II*"); *Changzhou Trina Solar Energy Co. v. United States*, 255 F. Supp. 3d 1312 (C.I.T. 2017) ("*Changzhou I*"); *Guizhou Tyre Co. v. United States*, 2019 Ct. Intl. Trade LEXIS 172; Slip Op. 19-171 (December 26, 2019) ("*Guizhou Tyre V*"); *Guizhou Tyre Co. v. United States*, 2019 Ct. Intl. Trade LEXIS 156; Slip Op. 19-155 (December 10, 2019) ("*Guizhou Tyre IV*"); *Guizhou Tyre Co. v. United States*, 2019 Ct. Intl. Trade LEXIS 114, Slip Op. 2019-114 (August 21, 2019) ("*Guizhou Tyre III*"); *Guizhou Tyre Co. v. United States*, 2019 Ct. Intl. Trade LEXIS 58, Slip Op. 19-59 (May 15, 2019) ("*Guizhou Tyre II*"); *Guizhou Tyre Co. v. United States*, 348 F. Supp. 3d 1261 (C.I.T. 2018) ("*Guizhou Tyre I*"); *Jiangsu Zhongji Lamination Materials Co. v. United States*, 2019 Ct. Intl. Trade LEXIS 122, Slip Op. 19-122 (Sep. 18, 2019); *Clearon Corp. v. United States*, 359 F. Supp. 3d 1344 (C.I.T. 2019).

**COUNT II**

20.     Plaintiffs hereby incorporate, by reference, paragraphs 1 through 19 above.

21. The Department's application of AFA to electricity, finding the program to be countervailable without making the statutorily required specificity findings, is not based on substantial evidence and is otherwise not in accordance with law. 19 U.S.C. § 1516a(b)(1)(B)(i).

**COUNT III**

22. Plaintiffs hereby incorporate, by reference, paragraphs 1 through 21 above.

23. The Department's application of AFA to glue and paint, finding the programs to be countervailable without making the statutorily required specificity findings, is not based on substantial evidence and is otherwise not in accordance with law. 19 U.S.C. § 1516a(b)(1)(B)(i).

* * *

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in its favor and against the defendant:

(1) Declaring that the Department's determination to apply AFA and to find that the Respodnents used the EBC program was not supported by substantial evidence and not in accordance with the law;

(2) Declaring the Department's determination to apply AFA to electricity was not supported by substantial evidence and not in accordance with the law;

(3) Declaring the Department's determination to apply AFA to the paint and glue LTAR programs was not supported by substantial evidence and not in accordance with the law;

(4) Ordering the Department to recalculate the all-others rate applicable to Plaintifs consistent with any recalculated margins for Respondents; and

(5) Providing any additional relief as may be just in the circumstances.

Respectfully submitted,

/s/ Gregory S. Menegaz

Gregory S. Menegaz
Alexandra H. Salzman*
J. Kevin Horgan
**deKieffer & Horgan, PLLC**
1090 Vermont Ave., N.W. 20005, Suite 410
Tel: (202) 783-6900
email: gmenegaz@dhlaw.com

*Admitted to California Bar; practice supervised by attorneys of the firm who are active D.C. Bar members pursuant to D.C. Bar Rule 49(c)(8).

Dated: December 23, 2021